**PROVIDENCE WASHINGTON INSURANCE COMPANY,** Plaintiff, v. GARRETTSVILLE (City) et, Defendants.
STEIN et, Plaintiffs, v. GARRETTSVILLE (City) et, Defendants.

Common Pleas Court, Franklin County.

Nos. 186658, 186659. Decided April 4, 1953.

Herbert Baker, J. Bruce Blanchard, Columbus, for plaintiff.
C. William O'Neil, Atty. Genl., Hugh E. Kirkwood, Jr., Asst. Atty. Genl., Columbus, for defendants.

## OPINION

By BARTLETT, J.

THE DEMURRER TO THE PETITION IS SUSTAINED.

In both cases, the action is against the State Highway Director and others for damages resulting from the collapse of a bridge on a state highway. The action is based on the negligence of the defendants in failing to maintain and repair the bridge.

It is fundamental that the state is not subject to suit in its own courts without its express consent. **Section 16, Article I of the Ohio Constitution** provides:

"Suits may be brought against the state in such courts and in such manner as may be provided by"

"2. The provision of the **Ohio Constitution, Article I, Section 16,** * * * is not self-executing, and statutory authority is required as a prerequisite to the bringing of suits against the state." **Raudabaugh v. State, 96 Oh St 513; State ex rel. Williams v. Glander, Tax Commr., 148 Oh St 188.**

"In accordance with general rule that the state cannot be sued without its consent, suits against officers of the state, as representing the state in action and liability where the state, though not a party to the record, is the real party against which relief is sought and where a judgment for the plaintiff, though nominally against the defendant as an individual, could operate to control the action of the state or subject it to liability, are treated as suits against the state. Thus, in an action against the board of public works to compel it to change the character of public works as established by it and its predecessors in the exercise of its official discretion as necessary and proper for officially accomplishing the objects for which the works were constructed, the state is the real party in interest, and the action cannot be maintained without its consent." **37 O. Jur., State of Ohio, Sec. 44, p. 268.**

Secs. 1187 and 11271 GC, merely establish the venue of certain actions, and in no way undertake to create statutory liability.

"But it seems that, in Ohio, in the absence of express statutory provision, an officer on whom rests the duty of keeping highways in repair is not personally liable for injuries resulting from his failure to perform such duty." **20 O. Jur., Highways, Sec. 200, p. 878.**

"It is well established that no liability rests upon a county for injuries resulting from a defective or dangerous condition

of the highway, even though such condition is due to the negligence of the county commissioners or other road officials, unless such liability is imposed by statute. * * * The liability of county commissioners for injuries to travellers upon public highways, under provisions of §2408 GC, is based upon the failure on their part to use ordinary care to keep the highway free from defects or obstructions * * *."

"The doctrine is well established that the provisions of the statutes hereinbefore referred to, being in derogation of the common law rule governing the liability of boards of county commissioners in such cases, are to be strictly construed and will not be extended beyond the plain meaning of their terms." **20 O. Jur., Highways, Sec. 254, p. 939.**

"Some jurisdictions adhere to the rule that, in the absence of an express statutory provision, a public officer on whom rests the duty of keeping streets or highways in repair is not liable for any injury resulting from his negligence in that respect." 40 A. L. R. p. 45, note citing several states including Ohio.

"1. A board of County Commissioners is not liable in its official capacity for damages for negligent discharge of its official duties except in so far as such liability is created by statute, and such liability shall not be extended beyond the clear import of the terms of the statutes." **Weiher, etc., v. Phillips, et al., 103 Oh St 249; Commissioners v. Darst, 96 Oh St 163.**

"No civil action will lie against a supervisor of roads and highways, at the suit of an individual, to recover damages for an injury which he has sustained, in consequence of the neglect of the supervisor to keep a bridge within his district in repair. The only remedy for such neglect is a prosecution under the statute for the penalty it prescribes." **Dunlap v. Knapp, 14 Oh St 64.**

"The nature of the action against an officer, where a liability is imposed upon him, depends upon the nature of the wrong committed,—that is, whether it is regarded as public or private. If the duty which the official authority imposes upon an officer is a duty to the public, a failure to perform it, or an inadequate or erroneous performance, must be a public, not an individual injury, and must be redressed, if at all, in some form of public prosecution. On the other hand, if the duty is a duty to the individual, then a neglect to perform it or to perform it properly is an individual wrong and may support an individual action for damages." **32 O. Jur., Public Officers, Sec. 112, p. 969.**

"1. A municipality constructs and maintains a work house

by virtue of the governmental as distinguished from the corporate power with which it is vested, and is therefore not liable to a prisoner confined therein, who complains that he suffered in health by being placed in a small, damp and unsanitary dungeon.

"2. It is a power inherent in a work house superintendent to prescribe reasonable rules for the government of the prison, and to enforce obedience to them by the infliction of proper punishment, and where the punishment is not cruel or excessive, and is not inflicted with malice or intent to injure, the superintendent is not liable to a prisoner suffering injury therefrom." Rose v. City of Toledo, et al., 1 C. C. (N. S.) 321.

Hull, J., in delivering the opinion of the Court in the foregoing case at page 329 observes:

"A short case found in 49 Pa. St. Reports, 151 (Burton v. Fulton, et al.), is in point. The syllabus, in part, is as follows:

" 'Public officers acting within the scope of their authority are not answerable in damages for the consequences of their acts unless done maliciously and with an intent to injure.'

"The liability of public officers is discussed at some length by Judge Cooley in his work on Torts, in the chapter headed 'Neglects of Official Duty,' beginning on page 375 and running through to page 403. In the first paragraph it is said:

" 'Although the incumbent of public office has a property right in it, yet the office itself is a public trust, and is conferred, not for his benefit, but for the benefit of the political society. It is therefore from the standpoint of public interest that any failure in duty is to be regarded, and the remedy for such failure must be indicated by the nature of the duty, and the purpose intended to be accomplished in imposing it.

" 'Official duties are supposed to be susceptible of classification under the three heads of legislative, executive and judicial, corresponding to the three departments of government bearing the same designations; but the classification can not be very exact, and there are many officers whose duties can not properly, or at least exclusively, be arranged under either of these heads.'

"And on page 376, the author says:

" 'It is, however, as a general thing, only against ministerial officers that an action will lie for neglect of official duty. The reason generally assigned is that in the case of other officers it is inconsistent with the nature of their functions that they should be made to respond in damages for failure in satisfactory performance. In many cases this is a sufficient reason, but in others it is inadequate.'

"And again, on page 379:

374

" 'The rule of official responsibility, then, appears to be this: That if the duty which the official authority imposes upon an officer is a duty to the public, a failure to perform it, or an inadequate or erroneous performance, must be a public, not an individual injury, and must be redressed, if at all, in some form of public prosecution. On the other hand if the duty is a duty to the individual then a neglect to perform it, or to perform it properly, is an individual wrong and may support an individual action for damages.' "

The board of freeholders are not liable in an action for negligence, in the performance of a public duty, resulting in a private injury. Freeholders of Sussex County v. Strader, 3 Harr. (N. J.) 108. This New Jersey case was referred to as "very respectable authority" by J. Brinkerhoff in the case of **Commrs. Hamilton County v. Michels, 7 Oh St 110**, the original Ohio case holding County Commissioners not liable in their official capacity for damages resulting from negligence in the discharge of their official duties, except such liability be created by statute.

The Michels case, supra, is considered as an outstanding case throughout the United States; and it would appear that its chief basis is founded on the fact that the county is purely an agency of the state, as will be observed by the comment of Brinkeroff, J., on p. 119:

"Counties are local subdivisions of a state, created by the sovereign power of the state, of its own sovereign will, without the particular solicitation, consent, or concurrent action of the people who inhabit them. * * *."

If the paramount reason for holding county officials are not liable in damages, for their negligence, to private persons, lies in the fact that the county is only a subdivision of the state, engaged chiefly in functions of the state, then it would beyond question follow· that an officer of the state, itself, engaged solely in the discharge of functions of the sovereign, would not be liable to private persons for damages resulting from negligence in the discharge of their official duties, in the absence of such liability being imposed by statute.

In the case of McKay, Executor, etc. v. Kauer, Director, etc., No. 180,523, on the dockets of this court, a few years ago, the eminent Randell, J., sustained a demurrer to the petition, under facts involving the liability of the State Highway Director in the maintenance of state highways.

The plaintiffs have not been able to furnish the Court with any statute that undertakes to attach such liability to the office of State Highway Director, for damages to a private person, resulting from the negligence of the Director in the

performance of his duties in the maintenance and repair of the state highways, under his domain and control.

It follows that the demurrer to the petition on behalf of the State Highway Director, should be and hereby is sustained. Entry to be drawn accordingly reserving exceptions of counsel for the plaintiffs.